WILLIAM AUSONIO v. VINCENT VERRETTE ET AL.
HON. JOHN CLARK FITZGERALD
A JUDGE OF THE COURT OF COMMON PLEAS

Memorandum filed August 18, 1948.

*David B. Cohen*, of Derby, for the Petitioner.

*John J. O'Connell*, of Derby, for the Respondents.

FITZGERALD, J.  The petitioner is seeking an order directing the republican registrar of voters of the city of Derby to remove his name from the republican caucus list of the first ward in that city and directing the democratic registrar of voters to enroll his name as a democrat for primary and caucus purposes on the list of the first ward.  The proceeding before the undersigned is statutory.  General Statutes § 703; *In The Matter of Gilhuly's Petition*, 124 Conn. 271, 275 et seq.

A rule to show cause was issued on August 4 and in compliance therewith the registrars, as respondents, appeared before the undersigned at New Haven on August 11 and for answer admitted paragraphs 1 and 3 of the petition and denied paragraphs 2 and 4.  Evidence was then submitted on the issues raised by the pleadings.

It is found that the petitioner, an elector, has been enrolled on the republican caucus list for the first ward of Derby, wherein he resides, for some few years prior to this petition.  On February 12, 1948, he filled out the following written request to the

republican registrar, a respondent herein, bearing his signature and address: "I, William P. Ausonio, do hereby request that on this day my name be removed from the Republican Caucus List for the 1st ward." The request was delivered to this respondent at his home on March 8, 1948, by a duly authorized agent of the petitioner, and was marked "received" by him on that date.

On February 18, 1948, the petitioner filled out the following written application to the registrar of voters of Derby, bearing his signature and address and, in addition, an affidavit subscribed and sworn to before a notary public on March 16, 1948: "I do hereby apply to be enrolled as a Democrat for primary and caucus purposes in the 1st ward. I am not a member of or connected with any political party other than that in which enrollment is now being sought by me." The application was delivered to the democratic registrar, a respondent herein, on March 16, 1948, by a duly authorized agent of the petitioner. It was marked "received" by this respondent on that date.

At a meeting of the respondents in their official capacities as registrars on July 30, 1948, the aforesaid request and application of the petitioner were rejected on the ground that they did not conform to the law. Hence this proceeding to determine that question.

The controlling statutes are §§ 698 and 699 of the General Statutes, amended in part by §§ 150g and 151g of the 1943 Supplement. If there has been a sufficient compliance with the statutory law, the petitioner's right as an elector to effect a change of status regarding his political affiliation is "an unequivocal right." *In the matter of Gilhuly's Petition,* supra, 279. On the facts recited, the undersigned is of the opinion that the petitioner has sufficiently complied with the law and is entitled to the kind of order requested.

It may well be that the petitioner could have accomplished the desired result by a single application under § 699, amended in part by § 151g, asking that his name be transferred from the republican list to the democratic list in the first ward, instead of the dual method he employed. The claim of the respondents that the failure of the petitioner to adopt the latter method, and the adoption of the dual method he employed, are fatal to his position is overruled. The fact remains that his intention was clearly manifested.

The respondents do not and cannot take the position that they were misled or that the petitioner's intention was not apparent to them when they jointly examined the papers filed by him at their formal meeting as registrars on July 30, 1948. That the application for enrollment as a democrat recites that the petitioner was "not a member of or connected with any political party other than that in which enrollment is now being sought" is but a declaration of a state of mind. It has been noted that the petitioner's request for removal of his name from the republican list had been filled out and presented prior to this application to go on the democratic list. The quoted words contained in the application for enrollment as a democrat could have been omitted, but their inclusion therein is not considered fatal, in view of the two forms before the respondents on the occasion of their formal meeting. To credit the respondents' claim of noncompliance with the law regarding the method employed by the petitioner in attempting to effect a change in his political status as an elector would result in exalting form and technicalities at the sacrifice of substance. The statutory construction for which they contend on this phase is too narrow.

The respondents' further claim, that the request and application of the petitioner in any event should have been submitted to a deputy registrar residing in the petitioner's ward, is overruled. Derby is composed of three wards. Section 24 of its revised charter reads: "The registrars shall exercise the authority and perform the duties in said city required by law of such officers in the several towns. They shall each appoint two deputies to assist in the duties of such office."

It will be noted that the duties of the deputies are not limited by the charter to any specific ward. Hence the statutory provision (§ 699). "In towns, cities or boroughs divided into voting districts or wards, and for which deputy registrars are provided" is not applicable. The respondents themselves testified that in practice the duties of their deputies were citywide; and the statutory provision quoted, when read in connection with the text immediately following, is referable to the transference of an elector's name upon notice that he has moved from one ward or district to another ward or district. The provision does not relate to the kind of situation herein considered.

Further discussion would add nothing of value other than to say that it would appear that the respondents have been attempting to set up administrative rules of their own which are without sanction of law.

The requested order, in the nature of a judgment, may enter as prayed. Counsel for the petitioner will prepare such order and present it for approval and signature of the undersigned on or before September 1, 1948.